**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-397-RJC-DCK**

| | |
|---|---|
| **LISA KERI STRICKLIN,**<br><br>　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**GWEN STEFANI AND LIVE NATION ENTERTAINMENT, INC.,**<br><br>　　　　　　　　**Defendants.** | **CONSENT PROTECTIVE ORDER** |

It is hereby ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents, and excerpts from documents supplied by the Parties to each other in response to discovery requests in this matter, and also shall apply to documents produced by third parties pursuant to subpoena (collectively, "Responding Party"):

　　　　1.　　Counsel for any Responding Party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the Responding Party. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL" (and is referred to herein as "Confidential Information").

　　　　2.　　Counsel for any Responding Party may designate any highly sensitive Confidential documents as Highly Confidential under the terms of this Protective Order only if such party in good faith reasonably believes that disclosure of such Confidential documents is substantially likely to cause significant business or competitive harm to the producing party or some other person with an interest in that information. Information and documents designated by a party as highly confidential will be labeled "HIGHLY CONFIDENTIAL" (and is referred to herein as "Highly Confidential Information").

3. Unless otherwise ordered by the Court, or otherwise provided for herein, the produced Confidential or Highly Confidential Information disclosed will be held and used by the entity receiving such information solely for use in connection with the above-captioned action.

4. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

   a. The requesting party, its employees, and counsel;

   b. Employees and/or agents of such counsel assigned to and necessary to assist in the litigation; this would include those who are hired to assist counsel in the preparation of exhibits and the presenting of exhibits at mediation and/or trial;

   c. Consultants or experts to the extend deemed necessary by counsel;

   d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparing for his/her testimony and may not retain the confidential information;

   e. The Court and any other agent of the Court, including court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents; agents of the Court would also include a mediator designated to mediate this case;

   f. Witnesses who were involved in the preparation of the confidential material;

   g. A party's insurers, reinsurers, or auditors;

   h. Employees and/or agents of litigation support vendors retained by the parties for the purpose of hosting and/or managing documents produced by the parties that may contain Confidential information; and

i. Other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

5. Information or documents designated as "Highly Confidential" shall not be disclosed to any person, except:

   a. The requesting party, its employees, and counsel;

   b. Employees and/or agents of such counsel assigned to and necessary to assist in the litigation; this would include those who are hired to assist counsel in the preparation of exhibits and the presenting of exhibits at mediation and/or trial;

   c. Consultants or experts to the extend deemed necessary by counsel;

   d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown highly confidential information during and in preparing for his/her testimony and may not retain the highly confidential information;

   e. The Court and any other agent of the Court, including court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents; agents of the Court would also include a mediator designated to mediate this case; and

   f. Other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

6. In the event a party challenges a Responding Party's Confidential or Highly Confidential designation, counsel shall make a good faith effort to resolve the dispute. In the absence of a resolution, the challenging party may thereafter seek resolution by the Court.

7. Nothing in this Protective Order constitutes an admission by any party that information produced in this matter is relevant or admissible. Each Party specifically reserves the right to

object to the use or admissibility of all Confidential or Highly Confidential Information disclosed, in accordance with applicable law.

8. It is the understanding of the Parties that any documents that become part of an official judicial proceeding or are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

9. At the conclusion of this litigation, the Confidential or Highly Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

10. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential or Highly Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

IT IS SO ORDERED.

Signed: November 13, 2017

David C. Keesler
United States Magistrate Judge